UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.  6:14-cv-00756-RBD-KRS

FILICHIA INSURANCE AGENCY, INC.

 Plaintiff,

Vs.

MARK BLOSSER and
VIRGINIA BLOSSER,

 Defendants
              /

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Defendants Mark and Virginia Blosser ("Defendants") respond to Plaintiff Filichia Insurance Agency, Inc.'s Complaint as follows:

1. Admitted in part and denied in part.  Defendants admit that Plaintiff is a Florida corporation.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averment.  Consequently, the remainder of this averment is denied and strict proof is demanded.  Furthermore, the averment that Plaintiff "was" a Florida corporation without any corresponding time frame is unintelligible and is thus denied.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part.  Defendants admit that they entered into a contract with Plaintiff to purchase insurance in Brevard County, Florida for

properties Defendants owned in Brevard County, Florida. The remaining averment, as written, is denied as unintelligible.

5. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

6. Defendants incorporate the corresponding responses set forth above by reference.

7. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied. The allegation that "Defendant created and published a false website" is unintelligible. Affirmatively asserted that a "website" is comprised of source code producing text, graphics, and digital media, which are neither true nor false. To the extent that the averment can be deemed intelligible, it is denied.

8. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

9. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

10. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

11. Defendants incorporate the corresponding responses above by reference.

12. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied. The allegation that "Defendant created and published a false website" is also denied as unintelligible.

13. Denied as a conclusion of law.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof is demanded.

15. Denied as a conclusion of law.  To the extent this Honorable Court deems the allegations factual, they are denied.

16. Denied as a legal conclusion.  To the extent this Honorable Court deems the allegations factual, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's motivations for making changes to his website or regarding his alleged "very high" ranking with Google.  Consequently, these allegations are denied and strict proof is demanded.

17. Defendants incorporate the corresponding responses above by reference.

18. Denied as a legal conclusion.  To the extent this Honorable Court deems the allegations factual, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded.

19. Denied as a prayer for relief.

20. Defendants incorporate the corresponding responses above by reference.

21. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied. The allegation that "Defendant created and published a false website" is also denied as unintelligible.

22. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

23. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

24. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded.

25. Defendants incorporate the corresponding responses above by reference.

26. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied. The allegation that "Defendant created and published a false website" is also denied as unintelligible.

27. Denied as a conclusion of law. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded

29. Denied as a conclusion of law. To the extent this Honorable Court deems the allegations factual, they are denied.

30. Denied as a legal conclusion. To the extent this Honorable Court deems the allegations factual, they are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded.

31. Defendants incorporate the corresponding responses above by reference.

32. Denied as a legal conclusion. To the extent this Honorable Court deems the allegations factual, they are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof is demanded.

33. Denied as a prayer for relief.

34. All allegations not specifically admitted are hereby denied.

### First Affirmative Defense
### Truth

1. Although the burden of proof of falsity is upon the Plaintiff, the Defendant avers that all statements allegedly made by Defendants complained of by Plaintiff are true.
2. The statements written by one or both of the defendants are attached to the Plaintiff's complaint as Exhibit A.
3. All of the statements were true.
4. Any of the statements that may happen to lack 100% factual veracity are substantially true, and thus treated as true as a matter of law.
5. As truth is an absolute defense to claims for defamation, Defendants cannot be liable for Plaintiff's libel claims.

## Second Affirmative Defense
## Substantial Truth

1. Any statements made by Defendants complained of by Plaintiff that are not literally true are substantially true, in that the the "gist" or "sting" of the statements is true
2. As substantial truth is a defense to claims for defamation, Defendants cannot be liable for Plaintiff's libel claims.

## Third Affirmative Defense
## Qualified Privilege

1. All allegedly actionable statements were subject to qualified privilege as they were directed to parties having a common interest in the subject matter of the statements.
2. All allegedly actionable statements were subject to qualified privilege as they were made in the course of a justifiable exercise of a moral obligation, free of improper motive or malice.

## Fourth Affirmative Defense
## Failure to State a Claim

1. Plaintiff has failed to sufficiently plead the elements of a cause of action for Defamation.
2. Plaintiff has failed to sufficiently plead the elements of a cause of action for Intentional Interference.

## Demand for Jury Trial

Defendants demand trial by jury on all issues so triable.

WHEREFORE, Defendants demand judgment in their favor, an award of court costs, and such further relief as is equitable and just under the circumstances.

Dated: May 21, 2014	Respectfully submitted,

Randazza Legal Group
3625 S. Town Center Drive Ste 150
Las Vegas, NV 89135
Telephone: (702) 420-2001
Facsimile: (702) 420-2003

*/s/ Marc J. Randazza*
Marc J. Randazza
Florida Bar No. 625566
ecf@randazza.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** was delivered for service to the Clerk of Court using the CM/ECF system which will send notification of such filing to the email address denoted on the Electronic Mail Notice List.

Dated: May 21, 2014

/s/ Vanessa Acosta Nunez
Vanessa Acosta Nunez
Employee, Randazza Legal Group